No. 105,339

In the Matter of GILLIAN LUTTRELL, *Respondent*.

(252 P.3d 111)

Opinion filed April 8, 2011.

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Gillian Luttrell, of Overland Park, an attorney admitted to the practice of law in Kansas in 2006. On October 18, 2010, the respondent's license to practice law was administratively suspended by the Supreme Court for failure to pay the attorney registration fee for 2010; failure to fulfill the minimum continuing legal education requirements; and failure to pay the continuing legal education annual fee, late filing fee, and noncompliance fee.

On September 21, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent failed to file an answer to the formal complaint. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on October 28, 2010. The respondent failed to appear at this hearing. The hearing panel determined that respondent violated KRPC 1.3 (2010 Kan. Ct. R. Annot. 422) (diligence); 1.4(a) (2010 Kan. Ct. R. Annot. 441) (communication); 1.15(b) (2010 Kan. Ct. R. Annot. 505) (safekeeping property); Kansas Supreme Court Rule 207(b) (2010 Kan. Ct. R. Annot. 308) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2010 Kan. Ct. R. Annot. 327) (failure to file answer in disciplinary proceeding). Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

## "FINDINGS OF FACT

. . . .

"2.    On October 18, 2010, the Kansas Supreme Court entered an order suspending the Respondent's license to practice law in the State of Kansas for failing to pay the annual registration fee, for failing to fulfill the minimum continuing legal education requirements, and for failing to pay the continuing legal education annual fee, late filing fee, and noncompliance fee.

### "DA10788

'3. Dennis Moore retained the Respondent to defend him in a civil matter filed in the Douglas County District Court, *T&J Holdings v. Jeff S. Ayers, Jason L. Ayers, Crystal L. Reischmen, Leah Chaffin, Dennis Moore*, case number 08LM799, before the Honorable Paula B. Martin.

"4. Plaintiff's counsel served the Respondent's client with requests for discovery. The Respondent failed to respond to the requests for discovery. Plaintiff's counsel filed a motion to compel and a motion for summary judgment. Plaintiff's counsel provided notice of the hearing, scheduled for November 21, 2008, to the Respondent. While the Respondent responded to the motion to compel, she failed to appear at the hearing. The court contacted the Respondent and learned that the Respondent had neglected to record the hearing on her calendar. As a result, the court rescheduled the hearing to December 19, 2008.

"5. On December 19, 2008, the Respondent appeared and informed the court and counsel that her client had been in an accident and was currently in a coma. The Respondent believed that her client would be sufficiently recovered to assist with discovery by February. The Respondent agreed to respond to discovery within 15 days of her client's release from the hospital unless a doctor confirmed that he was not yet able to do so.

"6. Plaintiff's counsel repeatedly attempted to communicate with the Respondent regarding Mr. Moore's condition to no avail. The Respondent failed to keep plaintiff's counsel apprised of Mr. Moore's condition or request for additional time to respond to discovery.

"7. Eventually, on April 6, 2009, plaintiff's counsel set the motion for summary judgment for hearing on April 17, 2009, and provided the Respondent with notice of the hearing. The Respondent, again, failed to appear in court.

"8. The court granted the plaintiff's motion for summary judgment and entered judgment for the plaintiff against the Respondent's client in the amount of $3,317, plus interest and costs.

"9. On May 4, 2009, Judge Martin filed a complaint against the Respondent. The Respondent filed a response to the complaint, admitting her lack of diligence.

### "DA11013

"10. On April 17, 2008, one day after returning from his deployment to Iraq, Brian Buttram received a copy of divorce papers which had been mailed to his

grandparents' house. Mr. Buttram's wife filed an action in divorce on April 11, 2008.

"11. Also on April 17, 2008, Mr. Buttram traveled to Dennis Hawver's office to retain Mr. Hawver to represent him in the divorce case. When Mr. Buttram arrived at Mr. Hawver's office, he was told that Mr. Hawver was preparing to retire from the practice of law and that the Respondent was taking over Mr. Hawver's law practice. Mr. Buttram paid Mr. Hawver $750.

"12. The Court entered a temporary order directing Mr. Buttram to pay monthly spousal maintenance in the amount of $600.

"13. At the time Mr. Buttram retained the Respondent, Mr. Buttram explained to the Respondent that one of his objectives in hiring her was to seek the modification of spousal maintenance order. The Respondent filed a motion to modify the spousal maintenance order. However, the Respondent did not diligently prosecute the motion. Approximately one year later, Mr. Buttram and his estranged wife negotiated a reduction in the spousal maintenance order.

"14. Mr. Buttram also made it clear to the Respondent that he wished to have the divorce action completed prior to his redeployment to Iraq in August, 2009. The Respondent failed to complete the divorce in the time frame requested by Mr. Buttram.

"15. Throughout the representation, Mr. Buttram called the Respondent by telephone on approximately 30 occasions. The Respondent returned only one of Mr. Buttram's telephone calls.

"16. Weston Brown represented Mr. Buttram's estranged wife. Throughout the representation, Mr. Brown had difficulty in maintaining communication with the Respondent. In April, 2010, Mr. Brown contacted the Respondent[;] he indicated that the parties had resolved the last remaining issue, and requested that she take appropriate action to complete the case. To date, the Respondent has not taken any action to finalize Mr. Buttram's divorce.

"17. On January 11, 2010, Mr. Buttram filed a complaint with the Disciplinary Administrator's office. Carol R. Bonebrake, a member of the Topeka Ethics and Grievance Committee, was assigned to investigate Mr. Buttram's complaint. The Disciplinary Administrator and Ms. Bonebrake directed the Respondent to provide a written response to the initial complaint. The Respondent never provided a written response to the initial complaint.

"18. Following the filing of the disciplinary complaint, Mr. Buttram did not terminate the representation. Likewise, the Respondent took no action to terminate her representation of Mr. Buttram.

"19. On June 29, 2010, Mr. Buttram spoke by telephone with the Respondent. During that conversation, the Respondent told Mr. Buttram that she had not returned his telephone calls because she [had] nothing new to tell him. The Respondent falsely indicated that Mr. Brown failed to proceed and that she was waiting on him to move forward with the divorce action.

"20. Following her suspension in October, 2010, the Respondent failed to inform Mr. Buttram that the Kansas Supreme Court suspended her license to practice law.

"21. Mr. Buttram's divorce remains pending. At the time of the hearing on the instant Formal Complaint, Mr. Buttram's divorce case was set to be heard by the court on November 12, 2010.

"DA11014

"22. In July, 2008, David Lowe retained the Respondent to probate Mr. Lowe's father's estate. At that time, Mr. Lowe paid the Respondent $1,000 for the representation. Mr. Lowe's estate included real property. A realtor found a buyer for the property, however, the Respondent failed to take appropriate action to complete the sale. Eventually, Mr. Lowe retained Kirk Nystrom for the specific purpose of getting the sale of the real estate authorized and confirmed, so that the sale would not be lost. Mr. Lowe paid Mr. Nystrom $1,250 for that purpose. Mr. Nystrom effected the sale of the property. The Respondent failed to take any action to further the representation of Mr. Lowe's father's estate.

"23. On January 12, 2010, Mr. Lowe filed a complaint with the Disciplinary Administrator's office. Ms. Bonebrake was also assigned to investigate Mr. Lowe's complaint. The Disciplinary Administrator and Ms. Bonebrake directed the Respondent to provide a written response to the initial complaint. The Respondent never provided a written response to the complaint filed by Mr. Lowe.

"24. To date, the estate remains pending. Mr. Lowe cannot afford to retain Mr. Nystrom to close the estate.

"DA11103

"25. On Thursday, April 15, 2010, Robert Cooper, II, retained the Respondent to represent him in an action for divorce. Mr. Cooper paid the Respondent $500 for attorney fees and $160 for filing fees. The Respondent deposited the attorney fees check on April 20, 2010.

"26. The Respondent assured Mr. Cooper that she would prepare the necessary paperwork and have it ready to sign the evening of April 15, 2010. The Respondent failed to contact Mr. Cooper that evening.

"27. The next day, Friday, April 16, 2010, Mr. Cooper contacted the Respondent regarding the preparation of the pleadings. Mr. Cooper did not receive the documents from the Respondent that day.

"28. On Saturday, April 17, 2010, Mr. Cooper again contacted the Respondent about the pleadings. The Respondent assured Mr. Cooper that she would complete the pleadings that weekend and would be in touch with him to get them signed.

"29. Mr. Cooper did not hear from the Respondent that weekend. Mr. Cooper made several attempts to contact her and was unable to reach her until the following Thursday. At that time, Mr. Cooper told the Respondent that it was not going to work out for her to represent him in the divorce and terminated the representation.

"30. Mr. Cooper demanded a return of the attorney fees and the filing fees. The Respondent returned Mr. Cooper's check for the filing fees and informed Mr. Cooper that she would have to prepare a fee statement of the work she

completed on the case before she could refund the unearned fees. The Respondent, however, never provided Mr. Cooper with a fee statement or with a refund of unearned fees.

"31. On May 14, 2010, Mr. Cooper filed a complaint with the Disciplinary Administrator's office. The Disciplinary Administrator directed the Respondent to provide a written response to Mr. Cooper's complaint. The Respondent never provided a written response to the complaint filed by Mr. Cooper.

"32. Mr. Cooper filed suit against the Respondent in a small claims court. Mr. Cooper obtained a judgment against the Respondent for the unearned fees. The Respondent has not satisfied the judgment.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211, as detailed below. [Footnote: During the hearing on the Formal Complaint, the Deputy Disciplinary Administrator argued that the Hearing Panel should also find a violation of Kan. Sup. Ct. R. 208. It is appropriate to consider violations not specifically included in the Formal Complaint under certain circumstances. Only when the Formal Complaint alleges facts that would support a conclusion that the Respondent violated additional rules will considering additional violations be allowed. *State v. Caenen,* 235 Kan. 451, 45859, 681 P.2d 639 (1984). In this case, the Formal Complaint did not include any facts regarding the Respondent's registration information which would support a conclusion that the Respondent violated Kan. Sup. Ct. R. 208. Thus, it appears that it is not appropriate to consider whether the Respondent violated Kan. Sup. Ct. R. 208.]

"2. The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, and regular United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Additionally, the Disciplinary Administrator sent a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, and

regular United States mail, postage prepaid, to the Respondent's current address in Overland Park. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to diligently and promptly represent her clients in this case. The Respondent failed to provide diligent representation to Mr. Moore, Mr. Buttram, and Mr. Lowe. Because the Respondent failed to act with reasonable diligence and promptness in representing her clients, the Hearing Panel concludes that the Respondent repeatedly violated KRPC 1.3.

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when she failed to return telephone calls and otherwise communicate with Mr. Buttram and Mr. Lowe. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. Lawyers must deal properly with the property of their clients. Specifically, KRPC 1.15(b) provides:

'(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

The Respondent violated KRPC 1.15(b) when she failed to refund the unearned fees paid by Mr. Cooper.

"6. Lawyers must cooperate in disciplinary investigations. Kan. Sup. Ct. R. 207(b) provides the requirement in this regard.

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

The Respondent knew that she was required to forward a written response to the initial complaint—she had been instructed to do so in writing by the Disciplinary Administrator and by the attorney investigator. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by Mr. Buttram and Mr. Lowe as requested by the Disciplinary Administrator and the attorney investigator, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b).

"7. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint and by failing to file a written Answer to the Supplement to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated her duty to her clients to provide diligent representation and adequate communication. Additionally, the Respondent violated her duty to her client to adequately safeguard his property. Finally, the Respondent violated her duty to the profession to cooperate in disciplinary investigations.

"*Mental State.* The Respondent knowingly violated her duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to her clients and to the legal profession. As of the date of the hearing on the Formal Complaint, Mr. Buttram's divorce case and Mr. Lowe's probate case remained pending.

"Aggravating or Mitigating Factors. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*A Pattern of Misconduct.* The Respondent engaged in a pattern of misconduct. She repeatedly failed to return Mr. Buttram's telephone calls. Additionally, four complaints were filed against the Respondent. Three of the four complaints involve similar misconduct.

"*Multiple Offenses.* The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, Kan. Sup. Ct. 207, and Kan. Sup. Ct. R. 211. According[ly], the Hearing Panel concludes that the Respondent committed multiple offenses.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* The Respondent knew she was required to file a written response to the initial complaints filed by [Mr. Cooper,] Mr. Buttram and Mr. Lowe. She had been instructed to do so in writing by the Disciplinary Administrator and by the investigators. Further, she filed a written response to the complaint filed by Judge Martin. Because the Respondent failed to provide written responses to three complaints and because

the Respondent failed to file an Answer to the Formal Complaint, the Hearing Panel concludes that the Respondent engaged in a bad faith obstruction of the disciplinary proceeding.

"*Vulnerability of Victim*. Mr. Buttram and Mr. Lowe were vulnerable to the Respondent's misconduct. As an active member of the military, who was deployed twice during the period of representation, Mr. Buttram was particularly vulnerable to the Respondent's misconduct.

"*Indifference to Making Restitution*. To date, the Respondent has taken no action to make restitution to Mr. Cooper. As such, the Hearing Panel concludes that the Respondent is indifferent to making restitution.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record*. The Respondent has not previously been disciplined.

"*Absence of a Dishonest or Selfish Motive*. It does not appear that the Respondent's misconduct was motivated by dishonesty or selfishness.

"*Inexperience in the Practice of Law*. The Kansas Supreme Court admitted the Respondent to the practice of law in October, 2006. The Respondent's misconduct began approximately 18 months following her admission to the practice of law.

"In addition to the abovecited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

'4.42 Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be suspended for a period of three years. The Deputy Disciplinary Administrator also recommended that the Respondent undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219, prior to reinstatement. The Deputy Disciplinary Administrator's recommendation is tantamount to a recommendation of indefinite suspension.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Lober,* 288 Kan. 498, 505, 204 P.3d 610 (2009); see Supreme Court Rule 211(f) (2010 Kan. Ct. R. Annot. 327). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 288 Kan. at 505 (quoting *In re Dennis,* 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions. Moreover, we agree with the panel's recommended discipline.

## CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Gillian Luttrell, be indefinitely suspended from the practice of law in the state of Kansas, effective on filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2010 Kan. Ct. R. Annot. 370) and that, in the event the respondent would seek reinstatement, she shall comply with Supreme Court Rule 219 (2010 Kan. Ct. R. Annot. 370).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.